BALLARD *v.* JACKSON.

5-2530                                              356 S. W. 2d 611

Opinion delivered April 30, 1962.

*Dinning & Dinning*, for appellant.

*John L. Anderson*, for appellee.

SAM ROBINSON, Associate Justice. Appellant, Louise Ballard, filed this suit alleging that she is a resident of New York; that she is the owner of certain property in Helena, and delivered possession of the property to appellee, John Wesley Jackson "with the directions that he was to look after and care for said property, collect the rental accruing from the same, and remit to her the unconsumed portion of the rentals." Appellant asked that appellee be required to make a statement of account of rents received and that he be permitted to "take credit for all amounts that he has expended, if any, for taxes, insurance, and repairs, if any, and that he be required to produce as exhibits the receipts and invoices showing the amounts of his expenditures."

Jackson answered alleging that appellant had conveyed the property to him by deed reserving to herself a life estate. He further alleged that appellant had authorized repairs to the property and the payment of taxes and insurance; that he had expended $2,363.61 on those items and that the rents had not been sufficient to repay him for the money he advanced for such purposes. He submitted an itemized statement of account showing the expenditures.

Appellant then filed an amended Complaint and acknowledged that she had conveyed the property to Jackson reserving the rents and profits during her lifetime. Appellant did not testify in the case either directly or by deposition. After considering all of the evidence, the Chancellor rendered a decree in favor of Jackson.

Jackson claims to have spent $2,363.61 on insurance, taxes and repairs, but $300.00 of this amount was for his

own services. Under the circumstances we do not think he is entitled to be reimbursed for that time. He has collected $916.00 in rents. Prior to making the repairs, the two houses involved were vacant, uninhabitable, and produced no revenue.

Appellant executed the deed to Jackson in April, 1957, and subsequently authorized him to do what he considered best in connection with the property. On one occasion she wrote "I told John Wesley (the appellee) to do the very best he could with those shacks down there." On July 31, 1957, she wrote to appellee "I am going to send you something on my tax bill I owe you." On August 5, 1957, she wrote "I told Mrs. Douglas to talk to you about securing a loan from the Building and Loan Association." On November 15, 1957, she wrote to appellee "I am leaving all decisions and deliberations up to you." On October 1, 1957, she wrote "You can do whatever you feel necessary about the repairs."

The evidence is overwhelming to the effect that appellant authorized the expenditures necessary to put the property in condition to be rented. Appellee mortgaged his farm to raise the money to make the repairs and pay insurance and taxes. He is entitled to be reimbursed out of the rents as indicated herein.

Affirmed.

HARRIS, C. J., and GEORGE ROSE SMITH, J., dissent.

CARLETON HARRIS, Chief Justice. I cannot agree with the conclusion reached by the Majority. Louise Ballard deeded the property involved to John Wesley Jackson in April, 1957, reserving the right to receive, apply, and use "all rents and profits that may arise from said property during the life of the said Louise[1] Ballard." Jackson, the "godson" of appellant, had apparently lived in one of the houses on the property for several years prior to obtaining the deed, or at least had had charge of the property, since the accounting by him dates back to 1955. He had been corresponding since 1954 with

---

[1] Apparently appellant's name is actually Louisa, and she so signed the deed.

appellant, who had moved out of the state. The testimony reflects that on April 26, 1956, appellant gave her power of attorney to appellee authorizing him to borrow and to expend "not in excess" of $350 for the purpose of making repairs, and to mortgage the property for that purpose. This power of attorney had been sent by Jackson to Louise Ballard for execution. However, he did not use it, but borrowed money himself, stating that the $350 "wouldn't have started it."

One house has been rented since June, 1958, for the sum of $28 per month. The other house, at the time of trial, had been rented for twenty-two months at the monthly rental of $12. It is true that appellant authorized Jackson to repair the property, but, in my view, appellee went far beyond the state of "repairing", and actually improved appellant out of her interest in the property.

Appellant, without any valuable consideration, deeded the property in question to appellee. It will unquestionably become his absolutely upon her death. His investment is accordingly fully protected. Appellant deeded this property to Jackson because of her affection for him—but she certainly had the right to expect that during her lifetime she would receive some of the rents. I agree that appellee is entitled to the sums expended for insurance and taxes, and to an appropriate amount for repairs, but I do not consider it equitable for him to draw the entire rents each month to apply on the amounts expended. In my opinion, he has already received sufficient rental to afford reimbursement for necessary repairs, insurance, and taxes, but if this conclusion is incorrect, a portion of the monthly rental could be sent to appellant and appellee could still (though it would take a little longer time) receive the full amount due. Under the holding of the Majority, it appears to me that Jackson can continue to expend sums for the "improvement" or "repair" of the property, and continue taking all of the rental each month for reimbursement. Under these circumstances, appellant may never receive a nickel during her lifetime, and is receiving no

benefit whatever from the property. In other words, under the Majority holding, though Louise Ballard reserved the right to receive the rents, she might as well have deeded the property to Jackson absolutely and in fee simple, for from a practical standpoint, her rights are completely extinguished.

I therefore respectfully dissent.

I am authorized to state that Justice GEORGE ROSE SMITH joins in this dissent.